# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS JAMES SATTERFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COMMUNITY HOSPITAL, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01788 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE ACTION |

Plaintiff Lewis James Satterfield ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 4, 2013.[1] On October 20, 2014, the Court screened the complaint and determined that it failed to state a claim for relief. Plaintiff was granted leave to file an amended complaint. On December 22, 2014, Plaintiff filed a First Amended Complaint ("FAC") which is presently before the Court for screening. Plaintiff names the San Joaquin Community Hospital, Dr. David Kenamori, and Dr. J. Doe as Defendants.

## A.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on November 15, 2013.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Men's Colony in San Luis Obispo, California. The instant complaint concerns events which took place while Plaintiff was incarcerated at Avenal State Prison.

Plaintiff alleges the following. On November 8, 2011, Plaintiff was admitted to San Joaquin

2

Community Hospital due to severe anemia.  At that time, the hospital was made aware that Plaintiff was taking Lopermide, Enteric Aspirin and Crestore.  After being admitted, it was determined that Plaintiff would require a transfusion of three pints of whole blood.

On November 12, 2011, Plaintiff reported to the staff that he believed, based on his slurred speech and stroke history, that he was suffering a second stroke.  The nursing staff conducted a basic push-pull test and reported the results to Defendant Dr. Kenamori, who then ordered a CT scan.  Two days later, on November 14, 2011, Kenamori ordered Plaintiff discharged and returned to the care of the California Department of Corrections and Rehabilitation.  Plaintiff was not provided notification of the CT scan results or diagnosis.

On November 18, 2011, Plaintiff was interviewed by Dr. Kamen at Avenal State Prison and asked questions regarding the inmate appeal that Plaintiff had filed on inadequate medical care.  Dr. Kamen sent Plaintiff to Coalinga Regional Medical Center where a CT scan was conducted.  The CT scan showed positive results for Plaintiff having suffered a non-hemorrhagic infarct (a stroke in layman's terms) in the frontal lobe.

On November 18, 2011, following the positive CT scan results, Plaintiff was transported to San Joaquin Community Hospital.  San Joaquin Hospital refused to acknowledge that Plaintiff had suffered a subsequent stroke while in their care.  Instead, they diagnosed Plaintiff with Deep Vein Thrombosis ("DVT") and again discharged Plaintiff with no suggested course of treatment.

Along with suffering the infarct, Plaintiff suffered a DVT in his arm at the point of the transfusion.

On November 19, 2011, Plaintiff was discharged by Dr. J. Doe and returned to the care of Avenal State Prison.  Plaintiff pressed medical staff for treatment, and they started Plaintiff on Lovenox and then transitioned him to Cumaden.  In December of 2011, Plaintiff began seeing Dr. Ganpulay and Dr. Shakar, hematologists practicing in Templeton, where he continues to be seen twice a year.

Plaintiff seeks punitive damages in the amount of $2,500,000.00, compensatory damages in the amount of $2,500,000.00, and nominal damages in the amount of $10,000,000.00.

**C.    DISCUSSION**

3

1. San Joaquin Community Hospital

There is no vicarious liability under section 1983, including a section 1983 action against a private entity acting under color of state law. To state a claim under section 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138–39 (9th Cir.2012); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997).

Here, Plaintiff makes no claim that San Joaquin Community Hospital acted pursuant to any policy or decision. Plaintiff therefore fails to state a claim against San Joaquin Community Hospital.

2. Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

It is clear that Plaintiff's signs and symptoms of a possible stroke indicated a serious medical need that required medical attention. Nevertheless, Plaintiff's allegations do not demonstrate that any Defendant knowingly disregarded a serious risk of harm to Plaintiff's health or that Plaintiff suffered any harm as a result. Plaintiff does not allege that he was denied medical care. He

4

concedes that he was admitted to the hospital and that medical staff including Defendant Kenamori examined Plaintiff and administered various tests including a push-pull test and CT scans.  Plaintiff complains that Defendant Kenamori discharged him into the care of Avenal State Prison's medical department two days after he was given a CT scan but did not offer Plaintiff a diagnosis or results of the CT scan.  Similarly, Plaintiff alleges that Dr. J. Doe discharged him the second time on November 19, 2014, despite the CT scan results and Plaintiff's medical issues.  Plaintiff makes no allegation as to how either Defendant's actions were medically unreasonable or that Defendants were acting with deliberate indifference.  Plaintiff admits "[t]his is negligence at the least, or malpractice at the most." Pl.'s FAC at 11.  As stated in the Court's first screening order, ordinary lack of due care, or even gross negligence, does not constitute deliberate indifference.  Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.  In addition, Plaintiff makes no allegation that either Defendant caused any harm.

       3.      Medical Malpractice

In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal.App.4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999).  "The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal.4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal.3d.399, 408 (1976).  "Because the standard of care in a medical malpractice case is a matter 'peculiarly within the knowledge of experts,' expert testimony is required to prove or disprove that the defendant performed in accordance with the standard prevailing of care unless the negligence is obvious to a layperson." Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006); see Flowers v. Torrance Mem'l Hosp. Medical Ctr., 8 Cal.4th 992, 1001 (Cal. 1994); Landeros, 17 Cal.3d at 410.

Here, Plaintiff concludes that Defendants' actions constituted medical malpractice.

5

However, Plaintiff fails to allege how Defendants breached their duty of care, how Defendants' actions proximately caused Plaintiff injuries, or that Plaintiff suffered any injury.

In addition, the Court is without subject matter jurisdiction to consider Plaintiff's state law claims of medical malpractice. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Here, Plaintiff fails to present a cognizable federal claim. Therefore, his state law medical malpractice and negligence claims must be dismissed as well.

**D.** **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court previously provided Plaintiff with an opportunity to amend and based on the nature of the deficiencies at issue, further leave to amend would be futile. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **September 15, 2015**           /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE